

ENTERED
06/03/2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| PERRY ALAN LANDRUM and ) | CASE NO. 08-30632-H3-13 |
| DARLEEN LANDRUM, ) | |
| ) | |
|     Debtors ) | |
| ) | |
| FIRST INVESTORS FINANCIAL ) | |
| SERVICES, ) | |
| ) | |
|     Movant ) | |
| ) | |
|   versus ) | |
| ) | |
| PERRY ALAN LANDRUM and ) | |
| DARLEEN LANDRUM, ) | |
| ) | |
|     Respondents ) | |

## MEMORANDUM OPINION

The court has heard the "Amended Motion For Relief From Automatic Stay And Co-Debtor Stay, Regarding Exempt Property" (Docket No. 46) filed by First Investors Financial Services ("FIFS"). After considering the motion, Debtors' Response (Docket No. 48), the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and will enter a separate Judgment wherein the automatic stay will not lift.  To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such.  To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

<u>Findings of Fact</u>

1. On February 4, 2008, Perry Alan Landrum and Darleen Landrum, Debtors, filed a voluntary bankruptcy petition under Chapter 13. Docket No. 1. Debtors listed a 2002 Ford Escape motor vehicle, VIN 1FMYU03172KB3081, (hereinafter referred to as the "vehicle") in Schedule B, Personal Property. Docket No. 1.

2. FIFS claims a security interest in the vehicle and estimates its value to be $9,300. Docket No. 46. FIFS alleges that Debtors owe a total of $8,686.62 on the vehicle. Darleen Landrum testified that she believed that approximately $8,600 was owed. FIFS stated that Debtors have equity in the vehicle in the amount of $613.38. Debtors valued the vehicle in their schedules and plan in the amount of $6,000 but admitted in their Response that $9,300 is a reasonable estimate of the value. Docket No. 48. The court finds that Debtors have equity in the property.

3. On April 24, 2008, the Debtors' First Amended Chapter 13 Plan dated March 6, 2008 was confirmed. Docket Nos. 37 and 59. The plan provides for payment of the principal amount of FIFS' claim with 9% interest. It also provides for payment of a 100% dividend to unsecured creditors. FIFS did not file an objection to confirmation of the plan.

4. FIFS filed the instant motion to lift the stay on the vehicle, pursuant to 11 U.S.C. § 362, based upon the Debtors' failure to make payments and failure to provide a certificate of insurance reflecting coverage on the vehicle. In addition, FIFS

claims that the property is not necessary for reorganization as the Debtors claim "the [c]ollateral as a second vehicle to be retained for a family members [sic] transportation use."

    5. Counsel for FIFS filed a request to appear at the evidentiary hearing on the instant motion by telephone. Docket No. 61. The court granted the request but advised counsel that he may not present evidence, including the examination of witnesses in the courtroom, by telephone. Docket No. 63.

    6. Darleen Landrum testified that she owns the vehicle and that it is currently covered by insurance. She testified that the only time the vehicle was not insured was when FIFS repossessed it. Debtor testified that once FIFS repossessed the vehicle, coverage was cancelled. Coverage was thereafter reinstated prior to the time the vehicle was returned to the Debtors. Testimony of Darleen Landrum.

    7. Mrs. Landrum testified that she and her husband own two vehicles. At the present time, her husband has the use of a company truck. She testified that her 18 year old daughter, a junior in high school, is in the process of obtaining her driver's license. Mrs. Landrum further testified that her daughter intends to contribute to the household finances by getting a job once she has her driver's license. The vehicle is to be used by Debtor's daughter as transportation to her job. The court found Mrs. Landrum credible.

<u>Conclusions of Law</u>

1. Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization; ...

11 U.S.C. § 362(d).

2. When a creditor seeks relief from stay in order to foreclose on property, the creditor has the burden of establishing the Debtor's lack of equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

3. Whether cause exists for lifting of the stay must be determined on a case-by-case basis, based on an examination of the totality of circumstances. *In re Trident Assoc. L.P.*, 52 F.3d 127 (6th Cir. 1995); *Claughton v. Mixson*, 33 F.3d 4 (4th Cir. 1994); *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990).

4. FIFS has failed to sustain its burden of proof. The

evidence reflects that Debtors have equity in the property, that FIFS' interest in the property is adequately protected, and that the vehicle is necessary to the reorganization.

Based on the foregoing, the court will enter a separate Judgment denying the "Amended Motion For Relief From Automatic Stay And Co-Debtor Stay, Regarding Exempt Property" (Docket No. 46) filed by First Investors Financial Services.

SIGNED at Houston, Texas on this 3rd day of June, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE